**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| STUART C. IRBY COMPANY | **PLAINTIFF** |
| VS. | CIVIL ACTION NO. <u>3:23-cv-422-CWR-F</u>KB |
| A-1 SERVICE LLC, EDWARD BOLDEN,<br>GENESIS DESIGN BUILD GROUP INC.,<br>and EDWARD FREEMAN | **DEFENDANTS** |

---

### COMPLAINT

---

Plaintiff Stuart C. Irby Company ("Irby") submits this Complaint against Defendants A-1 Service, LLC, ("A-1 Service"), Edward Bolden ("Bolden"), Genesis Design Build Group, Inc. ("Genesis"), and Edward Freeman ("Freeman") (collectively, the "Defendants") and states as follows:

### PARTIES

1.     Plaintiff Irby is a corporation formed under Mississippi law with its principal place of business located in Mississippi.

2.     Defendant A-1 Service is a limited liability company formed under Florida law.  A-1 Service has two members, Yichun Hun and Edward Bolden. Yichun Hun is an adult individual and a citizen of Florida.  Edward Bolden is an adult individual and a citizen of Florida.

3.     Defendant Bolden is an adult individual and a citizen of Florida.

4.     Defendant Genesis Design Build Group Inc. is a corporation organized under the laws of Florida with its principal place of business in Florida.

5.     Defendant Freeman is an adult individual and a citizen of Florida.

### JURISDICTION

6.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the citizenship of

the parties is diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

7.      Venue is proper in this Court pursuant to the forum selection clause contained in the contractual documents governing this dispute.  *See In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 294 (5th Cir. 2015).

## FACTS

8.      Irby sells electrical materials to electrical contractors for construction projects.

9.      A-1 Service is an electrical contractor.

10.     Edward Bolden is a member and manager of A-1 Service.

11.     On or about March 2, 2022, Edward Bolden, on behalf of Defendant A-1 Service, submitted an Irby Application for Credit and Billing Information (the "Agreement") to establish an open account with Irby.

12.     The Agreement is attached as **Exhibit 1**.

13.     Irby's approval of the Agreement established an open account through which A-1 Service could purchase material from Irby on credit.

14.     The Agreement also contains a section titled "Personal Guaranty" (the "Guaranty").

15.     The Guaranty makes the guarantor who executes it personally liable to Irby for amounts A-1 Service owed to Irby at the time the guarantor executed the Guaranty, as well as any amounts A-1 Service might owe Irby in the future.

16.     Defendant Edward Bolden executed the Guaranty on or about March 2, 2022. *See* Exhibit 1.

17.     Irby sold electrical materials (the "Materials") to A-1 Service.

18.     A-1 Service failed to fully pay Irby for the Materials it purchased from Irby from June 3, 2022, through November 21, 2022.

19.     A copy of the invoices (the "Material Invoices") reflecting the Materials A-1 Service purchased from Irby, but for which A-1 Service did not fully pay Irby, is attached as **Exhibit 2**.

20.     A summary of the Material Invoices calculating the total principal amount ("Principal Amount") owed to Irby for the Materials is attached as **Exhibit 3**.

21.     The Principal Amount is $40,946.70.

22.     Each of the Materials Invoices referred A-1 Service to Irby's website for the Terms and Conditions of Sale ("Sale Terms") that applied to each of the Materials Invoices.

23.     An accurate copy of the Sales Terms is attached as **Exhibit 4**.

24.     The Sales Terms allow Irby to collect a 1.5% per month service charge on any Irby invoice not paid by its due date. *See* Ex. 4.

25.     As of June 29, 2023, A-1 Service owes Irby $5,500.41 in service charges.

26.     The service charges continue to accrue until the delinquent amount is collected.

27.     Defendant Genesis was the general contractor on a project for which Irby supplied materials, but for which Irby was not fully paid.

28.     Upon information and belief, some of the materials purchased by A-1 Service may have gone toward the project for which Genesis was a general contractor.

29.     Edward Freeman is the president of Genesis.

30.     Edward Freeman signed a promissory note (the "Note"), promising to pay Irby $54,345.18 in $10,000.00 installment payments.

31.     A true and accurate copy of the promissory note is attached as **Exhibit 5**.

32.     The Note provided, in part, "[i]f any payment obligation under this note is not paid when due, the remaining unpaid principal balance and any accrued interest shall become immediately due at the option of the Lender." *See* Ex. 5.

33.    On or about March 3, 2023, Freeman and/or Genesis initiated a wire transfer to Irby for $10,000.00 for "1st Ten Thousand Payment By Genesis Design Build Group Inc." *See* Ex. 5.

34.    Freeman and Genesis failed to make any additional payments due and owing under the Note. Irby now seeks to collect the full remaining balance owed under the Note.

35.    Freeman and Genesis still owe the unpaid balance of $44,345.18 under the Note, plus all additional amounts due under the Note as a result of Freeman's failure to timely pay under the Note.

36.    Irby is entitled to recover from A-1 Service and Edward Bolden the outstanding principal balance of A-1 Service's account, accrued service charges, interest, and attorneys' fees and other costs of collection as a result of A-1 Service's failure to fully pay Irby for the Materials purchased from Irby.

37.    The Guaranty permits Irby to recover from Bolden 20% of the account balance as attorneys' fees and costs of collection incurred to collect any unpaid amount on A-1 Service's account with Irby.

38.    The Note permits Irby to accelerate the unpaid debt to be immediately due and payable and to collect the unpaid balance, interest, attorneys' fees, and costs of collection resulting from any efforts to collect the remaining unpaid balance under the Note. *See* Ex. 4.

39.    Because Irby is contractually entitled to recover its attorneys' fees from Defendants for the cost of collecting the amounts owed to Irby, Irby's attorneys' fees also can be aggregated with its other damages to meet the amount in controversy requirement for diversity of citizenship. *See e.g., Wince v. Wal-Mart Stores, Inc.,* 373 F. Supp. 2d 670, 673 (S.D. Miss. 2005) ("damages are not all that is included when calculating the amount in controversy. Rather, if a party may recover attorneys' fees, those fees are also to be included in the amount in controversy determination. . . ."); *McKelroy v. Wood,* 2007 WL 1703835, at *1 (N.D. Miss. June 13, 2007)

(finding that the jurisdictional requisite had been satisfied because attorneys' fees could be "included in determining the jurisdictional amount when they are allowed by contract or state law") (citations omitted).

40.    The principal amount owed by Defendants in this breach of contract action plus the reasonable past and future attorneys' fees satisfies the amount in controversy requirement for establishing diversity of citizenship jurisdiction.

## CLAIM NO. 1 – BREACH OF CONTRACT
### (A-1 Service)

41.    Irby incorporates the previous allegations presented in this Complaint as if fully recited here.

42.    A contract existed between Irby and A-1 Service in which Irby sold A-1 Service products on an open account.

43.    A-1 Service breached that contract by not paying for the Materials.

44.    Irby suffered damages as a result of A-1 Service's breach.

45.    Irby is entitled to recover from A-1 Service the outstanding principal balance of A-1 Service's account, accrued service charges, interest, and attorneys' fees and other costs of collection as a result of A-1 Service's breach.

## CLAIM NO. 2 – BREACH OF PERSONAL GUARANTY
### (Edward Bolden)

46.    Irby incorporates the previous allegations presented in this Complaint as if fully recited here.

47.    The Guaranty is a valid personal guaranty by Edward Bolden of all amounts A-1 Service owes Irby.

48.    Edward Bolden has not honored the Guaranty.

49.    Irby is entitled to recover from Edward Bolden all amounts A-1 Service owes Irby

and 20% of account balance as attorneys' fees and costs of collection related to collecting the unpaid balance.

## CLAIM NO. 3 – BREACH OF PROMISSORY NOTE
### (Edward Freeman and Genesis Design Build Group Inc.)

50.     Irby incorporates the previous allegations presented in this Complaint as if fully recited here.

51.     Edward Freeman signed a promissory Note promising to pay Irby $54,345.18 in $10,000 monthly installments to begin on March 1, 2023.

52.     Edward Freeman signed the Note for the benefit of the general contractor on some of A-1's work, Genesis Design Build Group, Inc.

53.     Freeman and/or Genesis made the first $10,000.00 installment payment under the Note.

54.     Edward Freeman and Genesis breached the Note by failing to make the payments due under the Note.

55.     Indeed, since the first $10,000.00 payment, Edward Freeman and Genesis have not paid any additional amounts due under the Note.

56.     Irby suffered damages of Edward Freeman's and Genesis' breach of the promissory note.

57.     Irby is entitled to recover from Edward Freeman and Genesis the outstanding balance on the Note, interest, and attorneys' fees and other costs of collection as a result of Edward Freeman's and Genesis' breach.

## CLAIM NO. 4 – UNJUST ENRICHMENT
### (All Defendants)

58.     Irby incorporates the previous allegations presented in this complaint as if fully recited here.

- 6 -

59.     Irby supplied the Materials to A-1 Service.

60.     The Materials conferred a benefit upon A-1 Service, Genesis, Edward Bolden, and Edward Freeman.

61.     Despite receiving a benefit from the Materials supplied by Irby, Defendants did not fully pay Irby for the Materials.

62.     Indeed, upon information and belief, Defendants all received the benefit of the Materials by being compensated for the work on the Project using Irby's Materials.

63.     Defendants' retention of the benefit of the Materials without payment for the Materials is inequitable.

64.     Irby is, therefore, entitled to recover from Defendants the amount by which Defendants were unjustly enriched through their receipt and use of the Materials.

ACCORDINGLY, Irby respectfully requests that the Court enter a judgment against A-1 Service LLC, Edward Bolden, Genesis Design Build Group Inc., and Edward Freeman awarding Irby the following relief:

A.  making A-1 Service liable to Irby for:

    (i)      the Principal Amount;

    (ii)     accrued service charges of 1.5% per month on the Material Invoices calculated until the Principal Amount is fully paid;

    (iii)    pre-judgment interest;

    (iv)    post-judgment interest; and

    (v)      attorneys' fees and other costs of collection Irby incurs to collect the amounts owed to Irby;

B.  making Edward Bolden liable with A-1 Service for the above-identified items in A(i), (ii), (iii), and (iv), and for 20% of the principal amount as attorneys' fees and costs;

C.  making Edward Freeman and Genesis Design Build Group, Inc. jointly and severally liable for the remaining balance under the Note, pre- and post-judgment interest, and attorneys' fees and other costs of collection Irby incurs to collect the amounts owed to Irby; and

D.  any other relief that the Court deems appropriate.

In the alternative, Irby requests that damages be awarded to it for unjust enrichment for Defendants having retained a benefit for which they did not pay.

Dated: June 30, 2023.

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF STUART C. IRBY CO.

BY:    */s/ Haley F. Gregory*
      BRIAN C. KIMBALL (MSB NO. )
      HALEY F. GREGORY (MSB NO. )
      BRIANNA N. CALDWELL (MSB NO. )

      ITS ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39157
Post Office Box 6010
Ridgeland, MS 39158-6010
Tel:  (601) 948-5711
Fax: (601) 985-4500

80312821.v1