IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**STUART C. IRBY COMPANY**,

*Plaintiff*,

v.

**A-1 SERVICE LLC, EDWARD BOLDEN, GENESIS DESIGN BUILD GROUP, INC., and EDWARD FREEMAN**,

*Defendants*,

CAUSE NO. 3:23-CV-422-CWR-FKB

# ORDER

Before the Court is plaintiff Stuart C. Irby Company's ("Irby") *Motion for an Award of Attorney's Fees and Costs* as to defendants A-1 Service LLC and Edward Bolden. Docket No. 18. Upon review, the Court grants the *Motion*.

**I.  Procedural History**

On June 30, 2023, Irby filed this breach of contract action against defendants A-1 Service, Edward Bolden, Genesis Design Build Group, and Edward Freeman. Docket No. 1. Irby served A-1 Service on July 13, 2023 and Edward Bolden on July 27, 2023.[1] Docket Nos. 7-1, 9-1. Neither defendant answered. Irby then filed a *Motion for Entry of Default* against both defendants. Docket No. 11. The Clerk of Court entered default against A-1 Service and Mr. Bolden. Docket No. 12. The Court subsequently entered Default Judgment against A-1

---

[1] The Court notes an error in its November 15, 2023 Order. Docket No. 16. There, the Court stated that Mr. Bolden was served on July 6, 2023. To clarify, Mr. Bolden was served on July 27, 2023.

Service and Mr. Bolden, awarding Irby compensatory damages in the amount of $50,004.01. Docket No. 16. It instructed that attorney's fees and costs would be determined after Irby filed its post-judgment motion under Federal Rule of Civil Procedure 54(d). *Id.* Irby filed its present *Motion* on November 29, 2023. Docket No. 18. The motion requests $14,052 in billed attorney's fees, $790 in unbilled attorney's fees, and $431 for service of process costs.

## II.     Legal Standard

In the Fifth Circuit, courts use the lodestar method to calculate awards of attorney's fees. That method involves multiplying the reasonable number of hours worked by the reasonable hourly rates billed. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir. 1995). "When an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed." *Id.*

Calculating the lodestar method, however, does not end a court's inquiry. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Next, courts must determine whether an award of attorney's fees is reasonable. *See Tupelo Redevelopment Agency v. Gray Corp.*, 972 So. 2d 495, 520 (Miss. 2007). Because this matter is before the Court pursuant to diversity jurisdiction, Mississippi law controls. *See Wal-Mart Stores, Inc. v. Qore, Inc.*, 647 F.3d 237, 242 (5th Cir. 2011) (explaining that "[s]tate law controls both the award of and the reasonableness of fees awarded" when a court hears a case under diversity jurisdiction).

Rule 1.5 of the Mississippi Rules of Professional Conduct provides several factors courts should consider when assessing reasonability:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

Miss. R. Prof. Cond. 1.5(a). Courts may also consider the *McKee* factors when determining reasonability. *McKee v. McKee*, 418 So. 2d 764, 767 (Miss. 1982). These factors are "strikingly similar" to those in Rule 1.5. *Tupelo Redevelopment Agency*, 972 So. 2d at 521.

### III. Discussion

Two sources of authority permit an award of attorney's fees in this matter. Mississippi's Open Account Statute provides:

> When any person fails to pay an open account within thirty (30) days after receipt of written demand therefor correctly setting forth the amount owed and an itemized statement of the account in support thereof, that person shall be liable for reasonable attorney's fees to be set by the judge for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the plaintiff.

Miss. Code Ann. § 11-53-81; *see also Dynasteel Corp. v. Aztec Indus.*, 611 So. 2d 977, 986 (Miss. 1992); *Franklin Collection Serv. v. Stewart*, 863 So. 2d 925, 930 (Miss. 2003) (explaining that an open account is an "account based on continuing transactions between the parties which have not closed or been settled").

Furthermore, under Mississippi law, "contractual provisions for attorneys' fees are enforceable and must be enforced if the terms are clear and unambiguous." *Sunbelt Rentals, Inc. v. Eco Env't Servs.*, No. 3:21-CV-396-KHJ-MTP, 2022 WL 433480, at *1 (S.D. Miss. Feb. 11, 2022) (citing *Trilogy Commc'ns, Inc. v. Thomas Truck Lease, Inc.*, 790 So. 2d 881, 888 (Miss. Ct.

3

App. 2011); *Upchurch Plumbing, Inc. v. Greenwood Utils. Comm'n*, 964 So. 2d 1100, 1113 (Miss. 2007).

Here, the Terms and Conditions of Sale and the open account statute warrant a grant of reasonable attorney's fees. The Terms and Conditions governing the transactions between these defendants and Irby provide that "[a]ll costs of collecting monies from Customer, including . . . attorney's fees[,] shall be paid by Customer to Seller upon demand." Docket No. 1-4 at 2. A-1 Service and Mr. Bolden established a line of credit with Irby, purchased electrical materials from Irby, and failed to tender payment within 30 days of receiving Irby's invoices. *Id.* at 1. Irby issued numerous invoices to the defendants demanding payment for the electrical materials sold. Docket No. 1-2. Because the defendants failed to tender payment within 30 days of Irby's demands, the Terms and Conditions of Sale and open account statue support an award of attorney's fees.

Next, Irby's request for attorney's fees is reasonable. A declaration, explaining Butler Snow LLP's rates and the hours it worked on this matter, provided the legal team's timesheets. Docket No. 18-1. The timesheets specified the services each legal professional provided in Irby's case. The services included drafting and filing the complaint, drafting and filing motions for entry of default and default judgment, and coordinating service of process upon the defendants.

Moreover, Butler Snow offered Irby its services at a discounted rate. *See* Docket No. 19 at 3. Recognizing that Irby "does not have a limitless budget," Butler Snow billed Irby for the actual time it spent litigating this matter. *See Sunbelt Rentals, Inc.*, 2022 WL 433480, at *2 (reasoning that billing a client only for the actual time spent on a matter weighed in favor of reasonability). As a result of counsel's work, Irby received a judgment awarding it $50,004.01

4

in total relief against the defendants. Finally, the legal team's combined three decades of commercial litigation experience and longstanding business relationship with Irby favors a finding of reasonability. Docket No. at 5; *see also* Docket No. 18-1, 1-3.

"Based on the evidence[,] the Court finds that the attorney's fees are reasonable considering the several factors set forth by Rule 1.5(a) of the Mississippi Rules of Professional Conduct." *Sunbelt Rentals, Inc.*, 2022 WL 433480, at *3. Moreover, because Butler Snow's requested billing rates are not contested, they are *prima facie* reasonable. *See Islamic Ctr. of Miss., Inc. v. City of Starkville, Miss.*, 876 F.2d 465, 469 (5th Cir. 1989).

Irby also requests $431.00 for service of process costs. Absent from Butler Snow's invoices, however, are specific invoices detailing the costs of serving each individual defendant. Instead, Butler Snow's timesheets aggregate the time spent serving all four defendants, collectively. Because Irby only seeks fees and costs as to two defendants, the Court will only grant Irby $215.50 for its service of process costs.

## IV. Conclusion

Under Mississippi law, A-1 Service and Mr. Bolden are liable for Irby's attorney's fees. Finding Irby's requested attorney's fees reasonable, the Court hereby **GRANTS** Irby's *Motion for an Award of Attorney's Fees and Costs* as to defendants A-1 Service and Mr. Bolden. The Court awards attorney's fees and costs in the amount of $15,057.50. An Amended Default Judgment will issue shortly.

**SO ORDERED**, this the 28th day of February, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE